**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON AGUIRRE, | Case No.: 1:22-cv-1078 JLT EPG (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND DIRECTING PLAINTIFF TO FILE THE PROOF OF SERVICE WITHIN FOURTEEN DAYS |
| v. | |
| D. SMITH, et al., | |
| Defendants. | (Doc. 12) |

On August 25, 2022, Aaron Aguirre, through counsel of record Brian McMahon, initiated this action seeking to hold the defendants liable for excessive force and retaliation. Plaintiff asserts that while incarcerated at the Kern Valley State Prison, the defendant correctional officers beat him without justification. (Doc. 1.)

Following the filing of the complaint, the Court set a scheduling conference, which was continued to December 13, 2022. (Docs. 3, 4.) The Court's "Order Setting Mandatory Scheduling Conference directed Plaintiff to Rule 4(m) of the Federal Rules of Civil Procedure, and noted the Rule "requires that the complaint be served within 90 days after the complaint is filed." (*Id.* at 1-2.) However, on December 7, 2023, the Court observed that the complaint had not been served and directed Plaintiff to appear for a status conference on December 13, 2022. (Doc 5.) During the conference, the magistrate judge granted an extension of time for Plaintiff to serve the complaint, and ordered the complaint be served by February 3, 2023. (Doc. 8.)

1

On March 15, 2023, the Court issued an order to show cause to Plaintiff, directing him to show cause why the action should not be dismissed for his "failure to comply with a court order, failure to prosecute, and/or failure to comply with Rule 4(m)." (Doc. 9 at 2.)  Plaintiff was ordered to respond within 21 days from the date of service, or no later than April 5, 2023.  (*See id.*) Plaintiff did not respond, and the then-assigned district judge dismissed the action without prejudice—for "Plaintiff's failure [to] service Defendants within the time period prescribed" by Rule 4(m)—on April 10, 2023. (Doc. 10 at 2.)  Judgment was also entered on the same date.  (Doc. 11.)

On June 2, 2023, Plaintiff's counsel, Mr. McMahon, filed the motion for relief from judgment now pending before the Court.  (Doc. 12.)  Mr. McMahon reports that in December 2022 and again in February 2023, he "forwarded, via U.S. Priority Mail, the Summons, Complaint and Notice of Acknowledgment of Lawsuit and Request for Waiver of Service of Summons to the Office of Legal Affairs in Sacramento."  (*Id.* at 7, ¶ 7.)  Mr. McMahon indicates he "followed up and contacted the CDCR Office of Legal Affairs both times but was unable to get confirmation that the Summons and Notices of Acknowledgement were received and accepted for both named defendants, D. Smith and N. Gonzalez."  (*Id.*)  Mr. McMahon reports that after he received the Court's order to show cause, he "promptly followed up with [the] process server vendor, Apex Process Servers, and instructed it, via an Apex work order, to effect personal service of these two individual defendants at the Sacramento Legal Affairs office."  (*Id.* at 5, ¶ 5.)  Mr. McMahon reports that the named defendants "were served with the Summons and Complaint on March 29, 2023," prior to the dismissal of the action.  (*Id.* at 3.)  According to Mr. McMahon, "[t]he Proof of Service was signed by the process server on April 4, 2023," and he did not receive the paperwork from the process server until April 6, 2023.  (*Id.* at 6, Decl. ¶¶ 2- 3.)

Mr. McMahon reports that he "had an extraordinarily busy work calendar in the from Fall 2022 through the Spring 2023, including having an unusually high number of cases bottlenecked for trial," which affected his work as a sole practitioner.  (Doc. 12 at 7, Decl. ¶ 6.)  He states that he has experienced staffing issues in his office, and he was not "able to follow through or up on court-related filings and related assignments."  (*Id*)  For example, Mr. McMahon notes the legal assistant on this action was in rehabilitation for a personal medical condition during April and May. (*Id.*)  Furthermore,

Mr. McMahon reports that Apex Process Servers—who served the complaint in this action—were "in the process of closing [the] business, which created some barriers to [him] receiving updates and the confirmation of court filings and service jobs." (*Id.*)  Plaintiff seeks relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, asserting that "his counsel's inadvertence and/or excusable neglect resulted in the dismissal of his case." (*Id.* at 4.)

Rule 60(b)(1) authorizes courts to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect...".  Fed R. Civ. P. 60(b)(1).  With respect to "mistake," a party "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)).  In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at*3 (N.D. Cal. Apr. 16, 2020) (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).  Whether a party's neglect is "excusable" under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These circumstances include: "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Importantly, this case remains at a very early stage.  Due to the continuing judicial emergency in this District, very few civil cases are progressing in a timely manner.[1]  It is unlikely the delay of a few months following service would materially impact the proceedings, or cause prejudice to the defendants who have not yet appeared.  Mr. McMahon reports that he twice attempted to obtain a waiver of service, and after the order to show cause was issued, instead directed Apex Process Servers to effect personal service.  Based upon the information provided by counsel—including the Return of Service dated April 4, 2023—it is clear Plaintiff's counsel took action to prosecute the action in

---

[1] Moreover, judicial efficiency favors granting the relief requested, as the dismissal was *without* prejudice and Plaintiff could otherwise file a new action before this Court, and beginning the process anew would cause further delay.

response to the Court's order.

Notably, press of business alone will generally not support a request for relief based upon excusable neglect. *See Pioneer,* 507 U.S. at 396 ("In assessing the culpability of … counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice …."). However, the reported delay of the process server in providing the completed paperwork prior to the deadline ordered in the order to show cause also contributed to the delay. Finally, there is no showing Plaintiff has acted in bad faith by filing this motion. Consequently, the Court finds the consideration of all circumstances in this action weigh in favor of granting the relief requested. Accordingly, the Court **ORDERS**:

1. The hearing set for June 23, 2023, is **VACATED**.
2. Plaintiff's motion for relief (Doc. 12) from the Judgement (Doc. 11) is **GRANTED**.
3. The Clerk of Court is directed to **RE-OPEN** this case.
4. Plaintiff **SHALL** file the proof of service **within 14 days**.

IT IS SO ORDERED.

Dated: **June 20, 2023**

_____
UNITED STATES DISTRICT JUDGE