UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON AGUIRRE,<br><br>    Plaintiff,<br><br>v.<br><br>D. SMITH, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01078-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>(ECF No. 18).<br><br>OBJECTIONS, IN ANY, DUE WITHIN FOURTEEN (14) DAYS |

    Plaintiff Aaron Aguirre ("Plaintiff") is proceeding in this civil rights action against Defendants D. Smith, D. Gonzalez, Doe Officers I-IV, and Does 1-20 pursuant to 42 U.S.C. § 1983. (ECF No. 1). On August 23, 2023, Plaintiff filed a request for entry of default against Defendants Smith and Gonzalez ("Defendants"). (ECF No. 18). On September 11, 2023, Defendant Gonzalez filed an opposition to Plaintiff's request.[1] (ECF No. 21). On September 18, 2023, Defendant Smith filed a notice of joinder to Defendant Gonzalez's opposition.[2] (ECF No.

---

[1] Defendant Gonzalez also requests an extension of time to file a responsive pleading. (ECF No. 21, p. 5). On September 20, 2023, Defendants filed a partial motion to dismiss Plaintiff's complaint. (ECF No. 24). For the same reasons the Court is recommending the Plaintiff's motion for default be denied, the Court also recommends that Defendants' request for an extension to file a responsive pleading be granted.

[2] Defendant Smith filed a notice of errata to inform the Court that his notice of joinder was erroneously docketed as a notice of joinder related to Plaintiff's request for entry of default rather than Defendant Gonzalez's opposition to Plaintiff's request. (ECF No. 23).

22). For the foregoing reasons, the Court recommends that Plaintiff's request for default be denied.

## I. BACKGROUND

Plaintiff filed his complaint on August 22, 2022. (ECF No. 1). Plaintiff's complaint arises from an altercation that took place between Plaintiff and Defendants Smith and Gonzalez while Plaintiff was incarcerated at Kern Valley State Prison. Plaintiff alleges claims against Defendants for excessive force in violation of the Fourth and Eighth Amendments and for retaliation in violation of the First Amendment.[3]

The Court set an initial scheduling conference for December 12, 2022. (ECF Nos. 3, 4). Because the record did not indicate that Defendants had been served with the complaint, the Court converted the initial scheduling conference to a status conference to discuss service of Defendants. (ECF No. 5). On December 13, 2022, the Court extended the deadline for Plaintiff to serve Defendants to February 3, 2023. (ECF No. 8).

On March 15, 2023, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for failure to comply with a court order, to prosecute this case, and to comply with Federal Rule of Procedure 4(m). (ECF No. 9). Plaintiff did not file a response within the applicable deadline.

On April 10, 2023, the then-presiding district judge issued an order dismissing Defendants, without prejudice, due to Plaintiff's failure to serve in compliance with Federal Rule of Civil Procedure 4(m). (ECF No. 10) ("[The] extended deadline has passed, and there is no indication that any defendant has been served. Moreover, Plaintiff was given an opportunity to show good cause for the failure to serve, but Plaintiff failed to respond to the Court's order."). The case was closed. (ECF No. 11).

On June 2, 2023, Plaintiff filed a motion for relief from judgment. (ECF No. 14). Plaintiff sought relief on the basis that "his counsel's inadvertence and/or excusable neglect resulted in the dismissal of his case." (*Id.*, p. 4). On June 21, 2023, the presiding district judge granted Plaintiff's motion and set a deadline for Plaintiff to file proof of service of Defendants within fourteen days.

---

[3] The Court notes that in pleading proper jurisdiction, Plaintiff asserts that his complaint is also brought under the Fourteenth Amendment. (ECF No. 1, p. 2). However, Plaintiff's complaint does not otherwise indicate a Fourteenth Amendment claim.

(ECF No. 15).

On July 1, 2023, Plaintiff filed proof of service indicating that service was completed on June 26, 2023. (ECF No. 17). On August 21, 2023, the Court issued a minute order noting that Defendants were required to answer or otherwise respond to Plaintiff's complaint by July 17, 2023, but had not done so. (ECF No. 17) (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). The Court set a deadline for Plaintiff to file a request for entry of default. (*Id.*)

On August 23, 2023, Plaintiff filed the instant request for entry of default. (ECF No. 18). Plaintiff also filed a declaration from Plaintiff's counsel in support of Plaintiff's request. (ECF No. 19).

On September 11, 2023, Defendant Gonzalez filed an opposition to Plaintiff's request. (ECF No. 21). The declaration of defense counsel in support of Defendant Gonzalez's opposition states as follows:

> 2.   I am the assigned attorney of record for D. Gonzalez in this lawsuit. I was assigned to this matter on September 7, 2023 at 4:00 PM. On September 8, 2023, I confirmed that Defendant Gonzalez requested representation by our office. I also reviewed the pleadings and status of the case to ascertain the cause of the delay in this matter.
> 3.   It is my understanding that there was a miscommunication regarding this matter after CDCR was served with the suit in Sacramento County. After service, an email notifying the litigation coordinator at Kern Valley State Prison of the case, where Defendant works, was sent to an unmonitored email address at the facility. Accordingly, the institution did not become aware of the case and did not inform Defendant of it. Defendant was not personally aware of the lawsuit or this notification issue prior to the Request for Default filing.
> 4.   I am also working with the California Department of Corrections and Rehabilitation's litigation coordinator to contact Defendant Smith, who is on leave from work, to notify him of this lawsuit. At this time, I am not appearing on his behalf.
> 5.   Prior to my assignment to the case, I understand that Supervising Deputy Attorney General Lawrence Bragg left a voicemail and sent an email to Plaintiff's counsel on or about September 1, 2023, but did not receive a response.
> 6.   I also attempted to contact Plaintiff's counsel via email the morning of September 11, 2023. I requested that counsel stipulate to withdraw the Request for Entry of Default and/or to an extension of time for filing this Opposition or the Responsive Pleading. I have not received a response from him as of the time of this filing.
> 7.   I am currently reviewing this matter and anticipate filing a Motion to Dismiss on behalf of Defendant Gonzalez concerning portions of the complaint. It is my understanding that Defendant Gonzalez disputes the material facts alleged in this case.

3

(*Id.*, p. 6). Defendant Gonzalez also requests a brief extension of time to file a responsive pleading. (*Id.*, p. 5).

On September 18, 2023, Defendant Smith filed a notice of joinder to Defendant Gonzalez's opposition. (ECF No. 22). Plaintiff did not file a reply.

On September 20, 2023, Defendants filed a partial motion to dismiss Plaintiff's Fourth and Fourteenths claims, and Plaintiff's First Amendment claim against Defendant Gonzalez. (ECF No. 24).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause…." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). *See also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

## IV.  ANALYSIS

Defendants argue that Plaintiff's request for entry of default should be denied because the relevant factors do not favor entering default judgment against Defendants. (ECF No. 21, p. 4) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-71 (9th Cir. 1986)). Defendants argue that there is no prejudice to Plaintiff in denying the request because Plaintiff "has already taken a considerable amount of time to file and serve this suit." (*Id.*) Defendants have now appeared and are prepared to litigate the claims against them. (*Id.*). Further, Defendants argue that entry of default is inappropriate because CDCR "erroneously sent [information regarding service of Defendants] to an unmonitored email address at Kern Valley State Prison." (*Id.*) Thus, any mistake in not timely responding to Plaintiff's complaint was not the fault of Defendants.

Given that default is disfavored, Defendants have indicated an intent to defend this action, it does not appear that Defendants engaged in culpable conduct, that Plaintiff was not unduly prejudiced by the delay in responding to the complaint, the Court finds that entry of default is not warranted. Accordingly, the Court will recommend that Plaintiff's request for entry of default be denied.

## V.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's request for entry of default (ECF No. 18) be DENIED;
2.  Defendants' request for an extension of the deadline to file a responsive pleading be GRANTED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 3, 2023**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE