UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON AGUIRRE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. SMITH, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01078-JLT-EPG (PC)<br><br>ORDER RESETTING SETTLEMENT CONFERENCE<br><br>**May 9, 2024, at 10:00 am** |

　　　　Plaintiff Aaron Aguirre is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. The Court previously determined that this case would benefit from a settlement conference and referred the case to Magistrate Judge Christopher D. Baker to conduct a settlement conference on February 12, 2024. (ECF No. 29.) The parties filed a joint stipulation to continue the settlement conference, which was granted. (ECF Nos. 31 & 32.) The Court now resets the settlement conference in this case for **May 9, 2024,** beginning at 10:00 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the necessary transportation order in due course.

　　　　In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is reset for a settlement conference before Magistrate Judge Christopher D. Baker on **May 9, 2024 at 10:00 a.m.** The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. Defense counsel

1

shall arrange for Plaintiff's participation. The Zoom settlement conference invitation will be distributed the week prior, or counsel may contact Susan Hall, Courtroom Deputy for Magistrate Judge Baker, at SHall@caed.uscourts.gov. Any difficulties concerning the Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Susan Hall. The Court will issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.

2. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions.

3. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.

4. If parties have not already engaged in <u>informal</u> settlement negotiations, parties shall do so as follows: No later than **April 11, 2024**, Plaintiff shall submit to Defendants a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages. No later than **April 18, 2024** defendants shall respond with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

5. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than **April 25, 2024**. Parties shall email their statements to CDBorders@caed.uscourts.gov. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves **should not be filed** with the Court **nor served** on the opposing party.

6. The confidential settlement conference statements should be no longer than 5 pages in length and include:

    a. A brief statement of the facts of the case;

    b. A brief statement of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, **including the amount the party would offer and accept to settle** (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;

    g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

    h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

7. The Clerk of the Court is directed to serve a copy of this order via fax on the Litigation Office at Kern Valley State Prison at (661) 720-4949 or via email.

IT IS SO ORDERED.

   Dated:   **February 7, 2024**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE